**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115787

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| Kayla Perry, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>                    vs.<br><br>Hewitt Capital LLC,<br><br>                    Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Kayla Perry, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Hewitt Capital LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of Indiana.

1

## PARTIES

5. Plaintiff Kayla Perry is an individual who is a citizen of the State of Indiana residing in Marion County, Indiana.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Hewitt Capital LLC, is a New York Limited Liability Company with a principal place of business in Erie County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. At an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the debt, Defendant contacted Plaintiff by telephone on or about July 12, 2018.

14. The phone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. The caller, "Anthony James" ("James"), identified himself as an employee of "Hewitt."

16. James told Plaintiff that James was calling Plaintiff, "Referencing [Plaintiff's] direct involvement in a legal matter."

17. James told Plaintiff that the, "Legal matter was scheduled to be referred to Morgan County."

18. James told Plaintiff that Plaintiff must, "Contact [James] to give a statement."

19. James insisted that Plaintiff must give the "statement" "today."

20. James told Plaintiff that there were legal proceedings "against [her social security number."

21. At all times, James was acting within the scope of his employment with Defendant.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

### FIRST COUNT
### Violation of 15 U.S.C. § 1692e(1)

22. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

23. 15 U.S.C. § 1692e(1) prohibits a debt collector from making the false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State."

24. James, on Defendant's behalf, implied that he was affiliated with law enforcement.

25. James, on Defendant's behalf, implied that he was affiliated with law enforcement in Morgan County.

26. James, on Defendant's behalf, violated 15 U.S.C. § 1692e(1).

### SECOND COUNT
### Violation of 15 U.S.C. § 1692e(2)(A)

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

28. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from making the false representation of the character, amount, or legal status of any debt.

29. James, on Defendant's behalf, implied that Plaintiff was subject to prosecution by Morgan County.

30. James, on Defendant's behalf, implied that there were "legal proceedings" against Plaintiff's social security number.

31. James, on Defendant's behalf, told Plaintiff that she was required to "give a statement" to James.

32. James, on Defendant's behalf, falsely represented the character and legal status of the debt.

33. James, on Defendant's behalf, violated 15 U.S.C. § 1692e(2)(A).

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e(5)

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

35. 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

36. James' statements to Plaintiff, as described above, are threats to take action that cannot legally be taken or that is not intended to be taken.

37. James, on Defendant's behalf, violated 15 U.S.C. § 1692e(5).

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692e(7)

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

39. 15 U.S.C. § 1692e(7) prohibits the false representation or implication that a consumer committed any crime.

40. James' statements to Plaintiff, as described above, are false representations that Plaintiff committed a crime.

41. James' statements to Plaintiff, as described above, are false implications that Plaintiff committed a crime.

42. James, on Defendant's behalf, violated 15 U.S.C. § 1692e(7).

### FIFTH COUNT
### Violation of 15 U.S.C. § 1692e(10)

43. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

44. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

45. James' statements to Plaintiff, as described above, are false representations made to collect or attempt to collect the debt.

46. James' statements to Plaintiff, as described above, are deceptive means to collect or attempt to collect the debt.

47. James, on Defendant's behalf, violated 15 U.S.C. § 1692e(10).

### CLASS ALLEGATIONS

48. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a consumer debt by engaging in the same or similar conduct as described herein, from one year before the date of this Complaint to the present.

49. This action seeks a finding that Defendant's conduct violates the FDCPA, and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

50. Defendant regularly engages in debt collection.

51. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by engaging in the same or similar conduct as described herein.

52. Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

53. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

54. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

55. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Plaintiff's attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: October 2, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 115787

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530